IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BRYAN A. LAMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2099-JDT-cgc |
| | ) | |
| JAMES HOLLOWAY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER
*IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE

On February 11, 2016, Plaintiff Bryan A. Lamb, who was, at the time, incarcerated at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After Plaintiff submitted a motion to proceed *in forma pauperis* and inmate trust account statement, the Court issued an order on May 7, 2016, granting leave to proceed *in forma pauperis* and assessing the $350 civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.)[1] However, on July 26, 2016, Plaintiff notified the Clerk that he had been released from prison and provided his new address. (ECF No. 9.)

Under the PLRA, 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). The PLRA merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. However, in

---

[1] Plaintiff also notified the Court that he had been transferred from the WTSP to the Northeast Correctional Complex in Mountain City, Tennessee. (ECF No. 5.)

this case, only $9.38 of the filing fee was paid prior to Plaintiff's release. Under these circumstances, the Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Therefore, Plaintiff is ORDERED to submit either a non-prisoner *in forma pauperis* affidavit or the entire $400 filing fee, of which $390.62 remains outstanding,[2] within thirty (30) days after the date of this order. The Clerk shall mail Plaintiff a copy of the non-prisoner *in forma pauperis* affidavit form along with this order.

Failure to comply with this order in a timely manner will result in the dismissal of this action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). IT IS SO ORDERED.

           s/ **James D. Todd**
           JAMES D. TODD
           UNITED STATES DISTRICT JUDGE

---

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because Plaintiff initially was granted leave to proceed *in forma pauperis* in accordance with the PLRA, the Court did not assess the additional $50 fee. However, if Plaintiff now chooses to give up his pauper status and pay the entire fee, he must also pay the $50 administrative fee.